ACCEPTED
14-15-00358-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 10:28:44 AM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00358-CR

| | | | |
|---|---|---|---|
| **KENNY JACKSON** | § | **IN THE** | |
| **VS.** | § | **FOURTEENTH COURT** | |
| **THE STATE OF TEXAS** | § | **OF APPEALS** | |

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
12/22/2015 10:28:44 AM
CHRISTOPHER A. PRINE
Clerk

### RETAINED APPELLANT COUNSEL'S
### MOTION TO WITHDRAW

**TO THE HONORABLE COURT OF APPEALS:**

Connie B. Williams, Appellant Kenny Jackson's retained counsel, files his motion to withdraw pursuant to Rule 6.5 of the Texas Rules of Appellate Procedure and shows:

### I.

1. This case is on appeal from the 177th Judicial District Court of Harris County, Texas.

2. The case below was styled the **STATE OF TEXAS vs. KENNY JACKSON,** and numbered 1447087.

2. The appellate brief was due on November 13, 2015.

### II.

Retained counsel has reviewed the appellate record and concluded that the appeal lacks merit.

1

**III.**

On October 26, 2015, Counsel spoke with Mr. Jackson, and informed him that after full review of the appellate record, it was our opinion that the appeal lacks merit. Mr. Jackson responded that he would bring a "list of issues" for our review. As of the filing of this motion, Mr. Jackson has not brought any "issues" to our attention.

Mr. Jackson has indicated that he has some type of recording of the proceedings. However, said recording, regardless of its content, is not part of the Appellate record and therefore, could not and would not be considered by the Court for any purpose.

**IV.**

The Waco Court of Appeals in *Johnson v. State*, 885 S.W. 2d 641 (Tex. App. - Waco 1994) (pet. ref'd.), has held at page 645: "… However a defendant's right to assistance of counsel does not included [*sic*] the right to have an attorney urge frivolous or unmeritorious claims. *Penson v. Ohio*, 488 U.S. 75, 83-84, 109 S. Ct. 346, 351-52, 102 L. Ed. 2d 300 (1988). If a retained attorney concludes that an appeal lacks merit, counsel is obligated to inform the client of this conclusion and refuse to prosecute the appeal. *McCoy v. Court of Appeals of Wisconsin. Dist. 1,* 486 U.S. 429, 437, 108 S. Ct. 1895, 1901, 100 L. Ed. 2d 440 (1988); Tex. Disciplinary R. Prof. Conduct 3.01 (1989), *reprinted in* Tex. Gov't Code Ann. tit.

2, subtit. G app. (Vernon Supp. 1994) (State Bar Rules art. X, § 9). Refusing to prosecute an appeal means that the retained attorney will be required to file a motion to withdraw under our rules of appellate procedure. *See* Tex R. App P. 7. However, the decision to withdraw from retained representation does not invoke federal constitutional concerns. The procedural safeguards outlined in the *Anders* cases apply only to an appointed attorney representing an indigent defendant on a first appeal by right. *See Penson,* 488 U.S. at 83-84, 109 S. Ct. at 351-52: *McCoy,* 486 U.S. at 438-39, 108 S. Ct. at 1902; *Anders,* 386 U.S. at 744-45, 87 S. Ct. 1400..."

## V.

This Court has held in *Nguyen v. State*, 11 S.W. 3d 376 (Tex. App. - Houston [14th Dist.] 2000 no pet.) at page 379:

"...In contrast, the decision to withdraw from retained representation does not invoke federal constitutional concerns. *See id*. at 648. The procedural safeguards of *Anders* and its progeny do not apply to retained attorneys and we do not have the same supervisory role in guaranteeing the attorney's representation..."

## VI.

### CERTIFICATE OF APPELLANT'S LAST KNOWN ADDRESS AND PHONE NUMBER

Appellant, Kenny Jackson's last known address and phone number is.

3

905 Cypress Drive, #1109
Houston, Texas 77090
Phone No. 832-886-3121

Retained counsel, Connie B. Williams, is providing Appellant with a copy of this motion sent to his last known address by both certified and first class mail. **Appellant Kenny Jackson is hereby notified that he has a right to object to this motion.**

## VII.

Retained counsel further certifies to the Court that by copy of this motion Appellant is being notified that he may exercise either:

(1) his right to retain other counsel, or

(2) his right to move for an extension of time to file a *pro se* brief.

This further certification is given in order to comply with the holding in *Knotts v. State*, 31 S.W. 3d 821 (Tex. App. – Houston [1st Dist.] 2000 no pet.).

Wherefore, Connie B. Williams, Appellant's retained counsel, requests that his motion to withdraw be granted.

Respectfully submitted,

/s/ Connie B. Williams
Connie B. Williams
1314 Texas, Suite 710
Houston, Texas 77002
713-225-3700

4

713-225-3140-Fax
TBN 21521500
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING Retained Appellate Counsel's Motion to Withdraw was delivered to the Harris County District Attorney Office's Appellate Division, at Houston, Texas, on this 22nd day of December, 2015, and sent to Appellant Kenny Jackson at his last known address by both certified mail return receipt requested and by regular first class mail.

/s/ Connie B. Williams
Connie B. Williams